UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MARCUS M. TYMS, #40515-424**

Petitioner,

v.                                                                                    ACTION NO. 2:19-cv-260

**MARK BOLSTER, Acting Warden,**
**FCI Petersburg-Low,**

## REPORT AND RECOMMENDATION

Petitioner Marcus Tyms is a federal inmate, presently serving a 280-month sentence in the Bureau of Prisons (BOP) following convictions for enticement of a minor. He brought this habeas action under 28 U.S.C. § 2241 challenging the BOP's administration of the Inmate Financial Responsibility Program (IFRP), and the monthly minimum payment required towards his court-imposed fine. Specifically, he claims the BOP is improperly considering income outside of his prison earnings in calculating the minimum payment due. Pet. Attach. 1-2 (ECF No. 1, at 10-11). Respondent moved to dismiss, or in the alternative for summary judgment, arguing that the BOP's administration of Tyms' IFRP is correct, and that its decision to base Tyms' minimum monthly payments on all of his available income did not contravene the court's Sentencing Order. As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Tyms was advised of his right to respond, ECF No. 15. Tyms filed a response and the matter has been referred to me for a report and recommendation. After reviewing the parties' arguments and the declarations in support, I agree with Respondent and therefore recommend the court grant his Motion for Summary Judgment[1] and dismiss the petition with prejudice.

---

[1] Respondent filed both a Motion to Dismiss and alternative Motion for Summary Judgment. Because Respondent's motion contained supporting materials outside of the pleadings, upon which I rely, I will address this motion as one for summary judgment under Federal Rule of Civil Procedure 56.

1

## STATEMENT OF THE CASE AND RECOMMENDED FINDINGS OF FACT

Tyms, a federal inmate, is presently serving a 280-month sentence following his conviction in the Northern District of Illinois for Enticement of a Minor to Engage in Sexual Activity. Sentencing Order 1-2 (ECF No. 1, at 16-17); Decl. of Michael Lockridge (Lockridge Decl.) ¶ 4 (ECF No. 14-1). In addition to his prison term, Tyms was also sentenced to pay a $100 special assessment and a $10,000 fine. Sentencing Order 5 (ECF No. 1, at 20); Lockridge Decl. ¶ 4. The Judgment Order specified that Tyms' fine was due in full no later than December 4, 2009, and also provided that "fifty percent (50%) of the defendant's earnings in the Inmate Financial Responsibility Program is to be applied toward the outstanding fine balance." Pet. Attach. 1 (ECF No. 1 at 10); Sentencing Order 6 (ECF No. 1, at 21).

The IFRP is an administrative tool to "encourage each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10; BOP Program Statement 5380.08 at 1. Inmates participating in IFRP work with BOP staff to develop a financial plan to meet these obligations. Once the plan is established, periodic reviews assess the inmate's compliance, ability to pay, and progress towards meeting the financial obligations addressed. 28 C.F.R. § 545.10. Importantly, the implementing regulations establish that inmate payments "may be made from institution resources, or non-institution (community) resources." Id. § 545.11(b). Inmates must pay a minimum of $25 per quarter, but minimum payments may be greater than $25 per quarter after taking into account "the inmate's specific obligations, institution resources, and community resources." Id. § 545.11(b)(1)-(2). Participation in IFRP is not required; however, an inmate who refuses to participate, or fails to make required minimum payments, may lose eligibility for certain paid work, housing advantages, and other programs. Id. § 545.11(d); see also Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).

For most of his time served, Tyms participated in the IFRP, making the mandatory $25 quarterly payment towards his special assessment and fine. Lockridge Decl. ¶¶ 5-6. But in February 2017, BOP staff reevaluated Tyms' plan and raised his minimum payment to $140.11 per month. Lockridge Decl. ¶ 6. This increase was based on Tyms' trust fund account deposits which had averaged $283.49 per month over the preceding six months. Id. Although Tyms initially agreed to the new plan, he failed to make the required payments and was placed in IFRP refusal status until March 2018. Lockridge Decl. ¶¶ 6-7. At that time, Tyms' monthly average trust fund deposits had dropped to $63.58, and his minimum payment was reset to $25 per quarter. Lockridge Decl. ¶ 7. After making one payment, Tyms' minimum was again adjusted based on deposits to his trust fund account which brought his monthly average above $200. Lockridge Decl. ¶¶ 7-8. He was then directed to pay $49.27 per month but defaulted on this new payment after only one month and was again placed in IFRP refusal status in September 2018. Lockridge Decl. ¶ 8.

Tyms objected to the $49.27 minimum monthly payment and sought administrative relief, arguing that the minimum payment exceeded the 50% of prison earnings specified in his judgment of conviction, and thus violated the terms of his Sentencing Order. Pet. 3-4 (ECF No. 1, at 2-3); Lockridge Decl. ¶ 9. The Warden denied his administrative appeal, noting that BOP staff, by regulation, could consider other sources of income in calculating Tyms' IFRP payment. Lockridge Decl. ¶ 9. Tyms appealed the Warden's denial to both the Mid-Atlantic Region and Central Office of the BOP, which both agreed with the Warden's decision. Pet. 4, 7 (ECF No. 1, at 3, 6, 12-15); Lockridge Decl. ¶ 10. As a result, Respondent concedes that Tyms has exhausted his administrative remedies. Lockridge Decl. ¶ 11.

3

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (citation omitted) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The party seeking summary judgment has the initial burden of informing the court of the basis of its motion and identifying materials in the record it believes demonstrates the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient." Anderson, 477 U.S. at 252. Rather, when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal quotation marks omitted).

Respondent concedes that habeas jurisdiction is appropriate and that Tyms properly filed this petition under 28 U.S.C. § 2241, challenging the BOP's authority to collect court-ordered financial obligations. Fontanez, 807 F.3d at 87 (holding that a challenge to the BOP's

4

administration of IFRP is a challenge to "execution" of sentence cognizable under § 2241). However, Tyms' claim that BOP is bound to consider only his prison earnings in calculating the minimum participation payment is contrary to both the BOP's implementing regulations and established Fourth Circuit precedent. 28 C.F.R. § 545.11(b)(i); United States v. Caudle, 261 F. App'x 501, 503-04 (4th Cir. 2008) (per curiam) (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002)); Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005) (per curiam) (citing McGhee v. Clarke, 166 F.3d 884, 886 (7th Cir. 1999)). When, as here, the sentencing court has specified the amount and timing of the financial obligation, the BOP does not impinge the court's sentencing authority in exercising discretion through the IFRP to collect an obligation already due. See United States v. Dawkins, 202 F.3d 711, 716 (4th Cir. 2000) (court must establish amount and due date of restitution order); United States v. Johnson, 48 F.3d 806, 809 (4th Cir. 1995) (same). Although the sentencing court specified one source for payment of his financial obligations, under the terms of Tyms' Sentencing Order his entire $10,000 fine was due December 4, 2009. Because the entire fine was due and payable then, the BOP acted within its discretion when it established an IFRP minimum payment that includes both prison employment and community resources. See Sarno v. Wilson, No. 1:17-cv-953, 2018 WL 3638079, at *3 (E.D. Va. July 27, 2018) (noting that "the balance in an inmate's trust account is considered by BOP staff" in determining IFRP payment plan), aff'd, 755 F. App'x 321 (4th Cir. 2019); Scott v. Wilson, No. 3:16-cv-804, 2018 WL 1144586, at *8 (E.D. Va. March 2, 2018) ("BOP officials appropriately considered the resources that Scott received from outside FCC Petersburg when they evaluated him for the IFRP"). Importantly, Tyms has not argued that the minimum payment is otherwise inconsistent with the discretion afforded the BOP under its implementing regulations. His only challenge to the amount of the minimum payment is that it exceeds the court's specification of fifty percent (50%) of his

prison earnings. Because BOP policy specifically permits those funds to be considered, and that policy does not impinge on the sentencing court's duty to set the amount and due date for the fine, his petition for habeas relief lacks merit. The court should thus grant Respondent's Motion for Summary Judgment and dismiss the petition with prejudice.

## **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, this report recommends that the court GRANT Respondent's Motion for Summary Judgment, ECF No. 12, and DISMISS the petition, ECF No. 1, WITH PREJUDICE.

## **REVIEW PROCEDURE**

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ 
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 24, 2020

## **Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

**Marcus M. Tyms**
#40515-424
Federal Corrections Complex Petersburg-Medium
P.O. Box 1000
Petersburg, VA 23804


A copy of the foregoing was provided electronically this date to:


**Sean Douglas Jansen**
United States Attorney's Office - Norfolk
101 W Main Street, Suite 8000
Norfolk, VA 23510



Fernando Galindo, Clerk


By  /s/ J.L. Meyers
      Deputy Clerk


_____April 24_____, 2020

8